J. EDMUND LINZMAYER, PLAINTIFF-APPELLANT, v. AR-
THUR T. PHAIR, DEFENDANT-RESPONDENT.

Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the plaintiff-appellant, *Applegate, Stevens, Fosler &
Reussille.*

For the defendant-respondent, *Henry K. Golenbock.*

PER CURIAM.

This is an appeal by the plaintiff from a judgment against
him and in favor of the defendant on a directed verdict in
the Monmouth County Common Pleas Court.

The four grounds of appeal stated by the plaintiff as rea-
sons for reversal may be resolved into the single proposition
that the court erred in directing the jury to bring in a verdict
for the defendant. The reason given by the court for so rul-
ing was that the plaintiff was guilty of contributory negli-
gence in that the negligence of the defendant in driving, as
the evidence was, at the speed of thirty-five miles per hour
through a fog so heavy that the headlights of the car did not
illuminate to the view of the plaintiff, sitting in the front
seat beside the driver, for a distance of more than seven or
eight feet ahead was imputable to the plaintiff in that the
latter, though knowing the danger, did not bring that danger
to the attention of the defendant. Aside from the incidental
facts that the plaintiff was not himself an automobile driver

with such peculiar knowledge of driving conditions as comes to such a one, and had not the benefit of the clearer vision that the windshield wiper brought to the man at the wheel, there are further salient facts that take this case out of the realm where the court is justified in finding contributory negligence as a matter of law.

Plaintiff and defendant, friends, were driving in defendant's car, with defendant at the wheel, through a dense fog, by night, and at a speed, as already stated, of approximately thirty-five miles per hour. At an intersecting highway, through which the route of the parties lay, were two corner lights, both of which focused on the intersection. As defendant attempted to make the turn and lifted his foot from the accelerator to slow up the car, the accelerator stuck. Plaintiff testifies positively that that incident happened, and defendant says that he believes it did. Plaintiff further testifies that defendant reached down to pull the accelerator up with his hand and in so doing lost control of the car. Defendant testifies that he "took his eyes off the road for a second to pull it up" with his foot. It was at that instant that the car left the road and hit a tree, with injury to the plaintiff. To what extent did the fixed lights at the intersection, regardless of the projecting power of the automobile headlights, give the driver fair warning of his location? It is common knowledge that the extent to which a light at or near the observer will illuminate the surroundings by projection is not a criterion as to the illumination given by a more distant light over the space between it and the observer. Did defendant's acts with respect to the accelerator and his handling of the car in that emergency constitute negligence and, if so, was that crisis entirely or measurably independent of the fog condition? We think that these and like questions were clearly for the jury to determine and that the court erred in taking that function from them.

Judgment below will be reversed.